**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ALLEN T. DARBY, <br><br> Plaintiff, <br><br> v. <br><br> CAMDEN COUNTY POLICE DEPARTMENT, *et al.*, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br><br> No. 25-2133-KMW-EAP <br><br> **MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of Defendants Camden County Police Department, James Brosious, John Reed, and Jahina Ibanez ("Defendants") Partial Motion to Dismiss (Dkt. No. 5) Plaintiff Allen T. Darby's ("Plaintiff") Complaint (Dkt. No. 1) pursuant to Fed. R. Civ. P. 12(b)(6).[1]

**WHEREAS**, Plaintiff filed this lawsuit on February 5, 2025, alleging claims for false arrest and false imprisonment (Count 1) against Defendants (*see* Compl., Dkt. No. 1), which are subject to the New Jersey Tort Claims Act's ("TCA") notice requirements, *see* N.J.S.A. 59:8-10; and

**WHEREAS**, Plaintiff's causes of action accrued on the date of the alleged incident, on March 2, 2023 (Defendants' Statement of Undisputed Material Facts ("SUMF") ¶¶ 4-5, Dkt. No. 5-5); *see O'Donnell v. New Jersey Turnpike Authority*, 236 N.J. 335, 349 (2019); and

**WHEREAS**, it is undisputed that Plaintiff mailed a Tort Claim Notice dated May 10, 2023 by first class mail and certified mail, return receipt requested, to the New Jersey Office of the

---

[1] Defendants move, in the alternative, for partial summary judgment because Defendants rely on matters outside the pleadings. *Helms v. Miller*, No. 22-CV-01325, 2024 WL 4972710, at *2 (D.N.J. Dec. 3, 2024) ("Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.").

Attorney General and Defendant Camden County Police Department, (Counter Statement of Material Facts ("CSUMF") ¶ 1, Dkt. No. 7-2); and

**WHEREAS**, the certified mail copy of the Tort Claim Notice was received by the State of New Jersey on May 15, 2023, (*id.*, ¶ 5); and

**WHEREAS**, it is undisputed that Plaintiff did not receive a return receipt indicating that the Tort Claim Notice was delivered to Defendant, and the United States Postal Service's certified tracking result website did not confirm receipt, (*id.*, ¶¶ 2-3; *see* Certification of Alfred J. Falcione, Esq., Ex. B, Dkt. No. 7-3); and

**WHEREAS**, Defendants have submitted an affidavit from Denise Dorsey, lead adjuster with the Camden County Insurance Commission's ("CCIC") third-party administrator, whose duties include receiving Tort Claim Notices and conducting searches in CCIC's system to determine whether such notices have been filed in connection with Defendants. (*See* Affidavit of Denise Dorsey, ¶¶ 4-6, Dkt. No. 9). Dorsey certified that her good faith, diligent search of the claim files for Camden County reveals no record of a Tort Claim Notice being filed in connection with this litigation, (*see id.*, ¶¶ 8-9); and

**WHEREAS**, counsel for Camden County, Howard Goldberg, Esq., has submitted a Declaration ("Goldberg Decl.," Dkt. No. 5-3) certifying that, based upon the CCDI's search and his own review of the Camden County database, he has determined that no tort claim notice was filed by Plaintiff, (*id.* at ¶¶ 7-8; *see* SUMF ¶¶ 11-12); and

**WHEREAS**, it is undisputed that Plaintiff's counsel did not otherwise notify Defendants of Plaintiff's potential claims as required by the TCA prior to filing this lawsuit, (SUMF ¶ 13); and

**WHEREAS**, Plaintiff has offered no countervailing proof that his Tort Claim Notice was delivered or actually received by Defendants or Camden County; and

2

**WHEREAS**, the TCA, N.J.S.A. 59:8–3, provides that "[n]o action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter."; and

**WHEREAS**, the TCA's "statutory requirements for giving notice in a particular fashion must be strictly followed," *Hammond v. City of Paterson*, 145 N.J. Super. 452, 455 (App. Div. 1976); and

**WHEREAS**, "the claimant shall be forever barred from recovering against a public entity or public employee" if he does not file notice with the public entity within ninety days of the accrual of the cause of action, *Melvin v. Astbury*, No. 05-CV-0771, 2008 WL 5416384, at *7 (D.N.J. Dec. 22, 2008) (citing N.J.S.A. 59:8–8); and

**WHEREAS**, pursuant to N.J.S.A. 59:8-10(a), "[a] claim may be presented to a local public entity by delivering it or mailing it certified mail to the entity"; and

**WHEREAS**, pursuant to N.J.S.A. 59:8-10(b), "[a] claim or application shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section if it is actually received at an office of the State or local public entity within the time prescribed for presentation thereof"; and

**WHEREAS**, New Jersey Courts have long held that the New Jersey Legislature, in enacting the TCA, did not intend to leave proof of actual receipt of notice to a presumption and in providing only two alternatives to certified mail, *i.e.*, delivery and, as its equivalent, actual receipt, the Legislature intended "to emphasize that there be positive and not presumptive proof of receipt." *Hammond v. City of Paterson*, 145 N.J. Super. 452, 455 (App. Div. 1976)[2]; and

---

[2] The Court finds Plaintiff's reliance on *Guzman v. Perth Amboy*, 214 N.J. Super. 167 (App. Div. 1986) is misplaced, as the appellate panel in *Guzman* emphasized that "the notice of claim was received, although beyond the 90-day period." *Guzman* is distinguishable because here, there is no proof that Defendants received notice of Plaintiff's tort claim prior to filing this lawsuit.

3

**WHEREAS**, for purposes of the TCA, Plaintiff's Tort Claim Notice to the State of New Jersey did not constitute notice to Defendants, *see Epstein v. State*, 311 N.J. Super. 350, 356 (App. Div. 1998) (holding the TCA "make[s] a clear distinction between a local public entity and the State. The Attorney General may receive a notice of claim against the State, but notice to the Attorney General is not tantamount to actual or constructive notice to a local public entity."); and

**WHEREAS**, the Court finds that Plaintiff has failed to comply with N.J.S.A. 59:8-10 because he has offered no proof that he provided Defendants notice of his tort claim by certified mail, delivery, or actual receipt prior to filing this lawsuit within the time required by the TCA.

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

**IT IS** on this 20th day of **November**, 2025, hereby

**ORDERED** that Defendant's Motion for Partial Summary Judgment (Dkt. No. 5) is **GRANTED** with respect to Count 1 of Plaintiff's Complaint (Dkt. No. 1) for false arrest and false imprisonment.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE